683 N.W.2d 679 (2004)
261 Mich.App. 448
DETROIT EDISON COMPANY, Appellant,
v.
PSC MICHIGAN PUBLIC SERVICE COMMISSION, ABATE, and Attorney General, Appellees.
Docket No. 243268.
Court of Appeals of Michigan.
Submitted February 5, 2004, at Lansing.
Decided April 1, 2004, at 9:00 a.m.
Released for Publication June 24, 2004.
Foster, Swift, Collins & Smith, P.C. (by William K. Fahey and Stephen J. Rhodes), Lansing, and Bruce R. Maters and Jon P. Christinidis, Detroit, for Detroit Edison Company.
Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, and David A. Voges, Michael A. Nickerson, and Patricia S. Barone, Assistant Attorneys General, for Public Service Commission.
Clark Hill, P.L.C. (by Robert A.W. Strong and Michael P. Calabrese), Birmingham, for Association of Businesses Advocating Tariff Equity.
Before: SAWYER, P.J., and SAAD and BANDSTRA, JJ.
*680 SAAD, J.

I
Detroit Edison Company appeals the Public Service Commission's order that approved deferred recovery of implementation expenses of $27,225,289 that Detroit Edison incurred during the year 2000 to establish the retail open access (ROA) program. Detroit Edison appeals the PSC's order because the PSC deferred ultimate recovery of the 2000 implementation costs pending further reviews by the PSC. We remand for further proceedings.[1]

II
Initially, the PSC established the ROA, under which retail customers of electric utilities may purchase electricity from alternative suppliers. After our Supreme Court found that the PSC exceeded its authority in establishing ROA, Consumers Power Co. v. Public Service Comm., 460 Mich. 148, 596 N.W.2d 126 (1999), the Legislature authorized the program in the Customer Choice and Electricity Reliability Act, 2000 PA 141 and 2000 PA 142. The act provides that previous PSC orders concerning alternative electricity providers are enforceable by the PSC. M.C.L. § 460.10a(5).
In prior cases, the PSC developed procedures for allowing utilities to recover stranded costs, which include implementation costs. Moreover, and most importantly, the Legislature specifically provided for a full recovery of net stranded costs and implementation costs:
No later than January 1, 2002, the commission shall issue orders establishing the rates, terms, and conditions of service that allow all retail customers of an electric utility or provider to choose an alternative electric supplier. The orders shall provide for full recovery of a utility's net stranded costs and implementation costs as determined by the commission. [M.C.L. § § 460.10a(1).]
In its prior case, Case No. U-12639, the PSC held proceedings to determine net stranded costs, including implementation costs, as required by the statute. As with previous decisions,[2] the PSC ruled that the recovery of implementation costs was conditioned upon the success of utilities in implementing the ROA programs. According to the PSC, the record provided was insufficient to determine whether the programs were sufficiently successful to merit full recovery of implementation expenses. The PSC reaffirmed that it would permit recovery of "prudently incurred" implementation expenses as provided for in its prior orders, and again conditioned recovery on the success of the ROA program. This Court affirmed the earlier decision of the PSC, finding in part that the lack of information supported the decision of the PSC to defer the recovery. Consumers Energy Co v. Public Service Comm, unpublished opinion per curiam of the Court of Appeals, decided November 18, 2003 (Docket Nos. 241990, 241991), 2003 WL 22718014.
Edison filed this application for recovery of year 2000 ROA implementation costs, and presented evidence that it had incurred $28,269,326 in costs during the calendar year. A PSC staff auditor recommended that $1,044,037 in nonincremental labor costs be disallowed. The audit concerned financial data only, found the costs incurred were fair and reasonable, but did *681 not include an evaluation of the ROA program.
Citing its previous decisions that made its approval conditional and subject to further review, the PSC determined that implementation costs should be conditionally approved, subject to the success of the utility in implementing the ROA program. The PSC also concluded that the costs should be recovered at the conclusion of the rate freeze mandated by M.C.L. § 460.10d, and directed Edison to file an application with supporting documentation that provides the commission with a factual basis for reviewing the success of the program. The PSC stated that it was specifically looking for evidence that all the necessary parts are in place for the ROA program to fully function.
Under well-established Michigan law, appellate review of PSC orders is narrow in scope, and all rates, fares, regulations, practices, and services prescribed by the PSC are deemed prima facie to be lawful and reasonable. M.C.L. § 462.25. A party that challenges an order of the PSC bears the burden of proving by clear and satisfactory evidence that the order is unlawful or unreasonable. M.C.L. § 462.26(8). A decision of the PSC is unlawful if it involves an erroneous interpretation or application of the law and it is unreasonable if it is unsupported by the evidence. ABATE v. Public Service Comm., 219 Mich.App. 653, 659, 557 N.W.2d 918 (1996). This Court gives due deference to the administrative expertise of the PSC, and will not substitute its judgment for that of the PSC. Id. However, the Court may not abandon or delegate its responsibility to interpret statutory language and legislative intent. In re Complaint of Pelland Against Ameritech Michigan, 254 Mich.App. 675, 682-683, 658 N.W.2d 849 (2003).
On appeal, Detroit Edison argues that the decision of the PSC fails to provide the timely recovery of implementation costs required by M.C.L. § 460.10a(1). Edison asserts that M.C.L. § 460.10a(1) imposes a new time requirement on the PSC, and precludes the PSC from deferring a recovery of implementation expenses. The PSC maintains that it cannot allow the recovery of implementation costs until it is able to determine whether the costs were prudently incurred. Although the PSC says the success of the program should be used as evidence to show that the implementation costs were prudently incurred, Detroit Edison maintains that factors beyond its control could cause the program to fail. Further, Detroit Edison correctly maintains that it does not have the benefit of hindsight in accruing costs, and the PSC must review the utility's expenses in light of the knowledge that was available at the time the expenditures were made. ABATE v. Public Service Comm., 208 Mich.App. 248, 257-258, 527 N.W.2d 533 (1994).
M.C.L. § 460.10a(1) requires the PSC to issue orders no later than January 1, 2002, and to establish the rates, terms, and conditions of service that allow all retail customers to choose an alternative electric supplier. The Legislature requires that these orders provide for a full recovery of implementation costs. The PSC has instead deferred, indefinitely, any decision regarding recovery of implementation costs. We do not believe the Legislature intended such an indefinite deferral when it required that orders be issued by January 1, 2002. Moreover, the decision of the PSC does not provide sufficient information to allow this Court to perform its task of judicial review.
To ensure that the Legislature's intent, expressed in M.C.L. § 460.10a(1), is not frustrated by endless delays, and to ensure *682 that the PSC's orders are sufficiently comprehensive and detailed to allow for informed judicial review, we remand for further proceedings that adhere to the requirements and schedules set below.

III

Procedure After Remand
A. Hearing and Orders. The PSC will (1) convene a hearing no later than ninety days from the release of this opinion and (2) no later than sixty days after the conclusion of the hearing, issue an order that provides for full recovery of Edison's implementation costs and that includes a comprehensive and detailed analysis supporting its conclusions and findings and permitting informed judicial review. To the extent certain implementation costs are disallowed under applicable law, the PSC will again provide a comprehensive and detailed analysis and rationale for its determination with sufficient detail and clarity to allow for informed appellate review.
B. Information Regarding Implementation Costs. Because the PSC has said that it does not have sufficient data to make its determination regarding implementation costs, within thirty days from the release of this opinion, the PSC will serve upon Edison its request for data that sets forth with reasonable detail all the data the PSC needs to conduct a hearing and a prudency review. Within thirty days of receipt of this request, Edison will serve the PSC with all the information requested by the PSC (to the extent it is within Edison's ability to do so), and will also serve on the PSC any other relevant information that Edison believes is germane to the issue of its right to recover its implementation costs. The PSC and Edison may supplement its request for and submission of data, respectively, as is reasonable, during the course of the hearing.
C. Time Deadlines. The PSC and Edison may stipulate extensions of time in which to (1) request data, (2) supply data, (3) conduct a hearing, and (4) issue an order, but there shall be no more than one adjournment of any date and for no longer than thirty days.
Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] See our Court's similar remand decision in Consumers Energy Co. v. Public Service Comm., 261 Mich.App 455, 683 N.W.2d 188 (2004).
[2] Case Nos. U-12358, U-11955, and U-12956.