683 N.W.2d 188 (2004)
261 Mich.App. 455
CONSUMERS ENERGY COMPANY, Petitioner-Appellant,
v.
MICHIGAN PUBLIC SERVICE COMMISSION, Respondent-Appellee, and
Abate, Energy Michigan, Inc., and Attorney General, Appellees.
Docket No. 243360.
Court of Appeals of Michigan.
Submitted February 3, 2004, at Lansing.
Decided April 1, 2004, at 9:05 a.m.
Released for Publication June 24, 2004.
*189 Jon R. Robinson and H. Richard Chambers, Jackson, for Consumers Energy Company.
Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, David A. Voges and Stephen D. Hughey, Assistant Attorneys General, for Public Service Commission.
Clark Hill, P.L.C. (by Robert A.W. Strong and Michael P. Calabrese), Birmingham, for Association of Businesses Advocating Tariff Equity.
Before: SAWYER, P.J., and SAAD and BANDSTRA, JJ.
SAAD, J.

I
Consumers Energy Company (Consumers) appeals from the Michigan Public Service Commission's order that approved the 1999 implementation expenses incurred by Consumers to establish a retail open access (ROA) program, but which deferred recovery and held that these implementation expenses could be adjusted upon further review. We remand for further proceedings.[1]

II
Under the ROA program, retail customers of electric utilities can choose to purchase electricity from suppliers other than Consumers. However, the electricity generated by these alternative suppliers would be transmitted to the customer through the existing system. The PSC originally initiated the ROA program, but in Consumers Power Co. v. Public Service Comm., 460 Mich. 148, 168, 596 N.W.2d 126 (1999) our Supreme Court held that the PSC " lacks statutory authority to order a utility to transmit a third-party provider's *190 electricity through its system to a customer. Thus, the PSC lacked the statutory authority to implement the experimental [ROA] program." The Legislature responded to our Supreme Court's invalidation of the PSC-imposed ROA program by enacting the Customer Choice and Electricity Reliability Act, 2000 PA 141 and 142; M.C.L. § 460.10 et seq. This legislation authorized the ROA program and established some basic guidelines. M.C.L. § 460.10a(1), a provision of this act, provides:
No later than January 1, 2002, the commission shall issue orders establishing the rates, terms, and conditions of service that allow all retail customers of an electric utility or provider to choose an alternative electric supplier. The orders shall provide for full recovery of a utility's net stranded costs and implementation costs as determined by the commission. [Emphasis added.]
Consumers filed an application seeking PSC authorization to recover its 1999 implementation costs. The PSC held that "[i]mplementation costs of $25,156,000 incurred by Consumers during 1999 should be approved for deferred recovery, subject to the conditions stated in this order." The condition at issue provided that the PSC "reserves the right to undertake another review of Consumers' 1999 implementation expenditures" because the PSC anticipated that it would acquire additional information that would help it evaluate the implementation of the ROA program. The PSC also noted that M.C.L. § 460.10d(1) had imposed a rate freeze, and indicated that it would permit recovery of prudently incurred implementation costs at the end of the rate freeze. The PSC further directed:
Consumers should file an application and supporting documentation that provides the Commission with a factual basis for reviewing the success of Consumers' implementation efforts. Specifically, the Commission is looking for evidence that any component, system, or procedure that is necessary for a retail access program to fully function is in place, completely operational, and capable of seamlessly performing its role in conjunction with the other necessary components, systems, and procedures.
Consumers contends that "full recovery" by January 1, 2002, as mandated by the Legislature in M.C.L. § 460.10a(1) means that the PSC had to approve the amount to be recovered by that date without making this determination conditional on a future review.[2] The PSC argues that this statute "requires only that the commission determine a methodology for recovery of implementation costs by January 1, 2002."
While a PSC order is presumed to be lawful, it is unlawful if it is based on an erroneous interpretation or application of the law. In re Complaint of Pelland Against Ameritech Michigan, 254 Mich.App. 675, 681-682, 658 N.W.2d 849 (2003). Considerable deference is generally shown to an administrative agency for longstanding interpretations of statutes. Although some deference is afforded to the PSC due to its institutional position when initially interpreting a new statute, the deference afforded is less. In re Procedure & Format for Filing Tariffs Under the Michigan Telecommunications Act, 210 Mich.App. 533, 538-539, 534 N.W.2d 194 (1995). *191 This Court may not abandon or delegate its responsibility to interpret statutory language and legislative intent. In re Complaint of Pelland, supra.
The language "shall provide for full recovery of ... implementation costs" is subject to varying interpretations. It could mean an order that establishes a specific dollar amount that represents the full recovery to which the utility will be entitled, or, it could mean an order providing a method for determining implementation costs. The PSC points out that implementation costs will be incurred after January 1, 2002. Therefore, the PSC argues that it could not enter an order by January 1, 2002, that would provide a set sum representing "full recovery" of all implementation costs. In response, Consumers correctly responds that this proceeding concerns only 1999 implementation costs.
Consumers argues that the PSC had already made a determination of the methodology for determining a full recovery of implementation costs because, in its earlier orders, it had provided for annual prudence reviews of these costs. Consumers maintains that these earlier orders must be enforced under M.C.L. § 460.10a(5). However, this provision states that "orders that determine and authorize recovery of ... implementation costs ... are in compliance with this act and enforceable by the commission." The PSC had not issued any orders determining and authorizing recovery of 1999 implementation costs before enactment of the statute. Previous orders providing for annual prudence reviews do not necessarily constitute orders determining and authorizing recovery of implementation costs.
Nonetheless, we conclude that in requiring that the PSC "provide for full recovery" of implementation costs in an order issued by January 1, 2002, the Legislature did not intend to allow the PSC to adopt a methodology that would indefinitely defer the determination of the amount to be allowed. An approval made contingent on future unknown facts that may indeed eradicate the initial approval is not a provision for full recovery. We note that in Consumers Energy Co. v. Public Service Comm., unpublished opinion per curiam of the Court of Appeals, decided November 18, 2003 (Docket Nos. 241990 and 241991, 2003 WL 22718014), this Court held that deferral of ROA implementation expenses was proper since the evidence was insufficient to allow the PSC to accurately determine the proper amount of implementation costs and whether those costs were prudently incurred. However, at oral argument in this case, the PSC did not dispute that its intent was to defer making a determination until the rate freezes imposed by M.C.L. § 460.10d(2) had expired. Under this statute, a freeze is in effect until January 1, 2005, for commercial and manufacturing customers, and until January 1, 2006, for residential customers. Moreover, at oral argument, the PSC took the position that it had the authority to defer the determination of implementation costs virtually indefinitely. We conclude that this is inconsistent with legislative intent, and that the Legislature contemplated that the PSC would make a timely determination regarding Consumers' implementation costs. Accordingly, we find it necessary to remand so that the PSC can make such a determination.
To ensure that the Legislature's intent, expressed in M.C.L. § 460.10a(1), is not frustrated by endless delays, and to ensure that the PSC's orders are sufficiently comprehensive and detailed to allow for informed judicial review, we remand for further proceedings that adhere to the requirements and schedules set below.

*192 III

Procedure After Remand
A. Hearing and Orders. The PSC will (1) convene a hearing no later than ninety days from the release of this opinion and (2) no later than sixty days after the conclusion of the hearing, issue an order that provides for full recovery of Consumers' implementation costs and that includes a comprehensive and detailed analysis that supports its conclusions and findings and that permits informed judicial review. To the extent certain implementation costs are disallowed under applicable law, again, the PSC will provide a comprehensive and detailed analysis and rationale for its determination with sufficient detail and clarity to allow for informed appellate review.
B. Information Regarding Implementation Costs. Because the PSC has said that it does not have sufficient data to make its determination regarding implementation costs, within thirty days from the release of this opinion, the PSC will serve upon Consumers its request for data that sets forth with reasonable detail all the data the PSC needs to conduct a hearing and a prudency review. Within thirty days of receipt of this request, Consumers will serve the PSC with all the information requested by the PSC (to the extent it is within Consumers' ability to do so), and will also serve on the PSC any other relevant information that Consumers believes is germane to the issue of its right to recover its implementation costs. The PSC and Consumers may supplement its request for and submission of data, respectively, as is reasonable, during the course of the hearing.
C. Time Deadlines. The PSC and Consumers, may stipulate extensions of time in which to (1) request data, (2) supply data, (3) conduct a hearing, and (4) issue an order, but there shall be no more than one adjournment of any date and for no longer than thirty days.
Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] See our Court's similar decision in Detroit Edison Co. v. Public Service Comm., 261 Mich.App 448, 683 N.W.2d 679, 2004 WL 690782 (2004).
[2] Consumers has not argued that the PSC was required to issue an order that provided for actual recovery by January 1, 2002. Thus, we need not, and therefore do not, address whether implementation expenses, as qualified expenses under M.C.L. § 460.10h(g), could have been recovered through securitization under M.C.L. § 460.10i.